This case comes before the court on defendant’s motion to dismiss plaintiffs’ Exception No. 21 on the ground of res judicata. It is one of several related cases brought under the Indian Claims Commission Act of 1946, 60 Stat. 1049, docket Nos. 19, 188,189-A, 189-B, 189-C, and 19 and 189-A consolidated. Defendant asserts that this issue is foreclosed because it was or could have been determined in previous litigation, brought under a special jurisdictional act, approved May 14, 1926, 44 Stat. 555, amended 45 Stat. 423 *708 and 48 Stat. 979, which entitled this court to adjudicate all legal and equitable claims under the provisions of the Nelson Act of 1889, 25 Stat. 642, or any subsequent act, by the Minnesota Chippewa against the United States. Chippewa Indians of Minnesota v. United States, 80 Ct.Cl. 410 (1935), aff’d, 301 U.S. 358 (1937); Chippewa Indians of Minnesota v. United States, 87 Ct.Cl. 1 (1938), aff’d, 305 U.S. 479 (1939); Chippewa Indians of Minnesota v. United States, 88 Ct.Cl. 1 (1938), aff’d, 307 U.S. 1 (1939); Chippewa Indians of Minnesota v. United States, 90 Ct.Cl. 140 (1940); Chippewa Indians of Minnesota v. United States, 91 Ct.Cl. 97 (1940). Answering, plaintiffs oppose this motion. We dismiss plaintiffs’ Exception No. 21 for reasons discussed below.
Plaintiffs’ Exception No. 21 raises a claim in connection with The Free Homestead Act of May 17,1900, 31 Stat. 179. Specifically, plaintiffs state that although 887,149.70 acres of Nelson Act land were to be disposed of under the applicable homestead laws at $1.25 per acre, The Free Homestead Act removed this land from such disposal under the homestead laws and made it available free to homesteaders who had entered the land prior to May 17, 1900.
Following the Free Homestead Act of 1900, large acreages of Chippewa land are alleged to have been patented as free homesteads. Plaintiffs claim that no payment was made to them until Congress, by Act of March 3, 1926, 44 Stat. 161,173, appropriated $1,787,751.36, with interest at 5 percent from December 31, 1922, to the date of settlement, as compensation "for lands disposed of under the provisions of the Free Homestead Act of May 17,1900 * * *.”
The makeup of the $1,787,751.36 is claimed to be as follows:
1. 824,622.91 acres disposed of under the Free Homestead Act ($1.25) $1,030,778.67
2. 5 percent interest "1900 to December 31, 1922.” 678,814.20
*709 3. 62,526.79 acres on which no final proof made as of December 31, 1922 ($1.25) 78,158.49
4. Total $1,787,751.36
Exception No. 21 raises the claim that plaintiffs are entitled to interest from May 17, 1900, as part of just compensation on the amount of $78,158.49. This sum is identified as item 3 in the above table.
In our order issued on the same date as this order, post at 710, we hold that Exception No. 18 is barred by res judicata to the extent that it raises a claim for just compensation on a fifth amendment taking theory. Exception No. 18 seeks $1.25 per acre of Chippewa land made subject to the Free Homestead Act as of May 17, 1900. It is plain that the instant claim for interest raised in Exception 21 is based upon plaintiffs’ claim for just compensation for a taking effected by the Free Homestead Act.
A "claim for interest as a part of just compensation is not a separate claim. No cause of action exists for interest in and of itself.” Blackfeet and Gros Ventre Tribes v. United States, 127 Ct.Cl. 807, 815, 119 F.Supp. 161, 166, cert. denied, 348 U.S. 835 (1954). Since we hold the taking claim upon which the instant interest component is based to be barred by res judicata, we must similarly hold that res judicata bars plaintiffs’ Exception No. 21.
In view of the wholly dependent nature of the right to interest on just compensation claims, as regards Exception No. 21, we go even further than we did in our treatment of Exception No. 18. It will be recalled that we held the defense of res judicata to bar plaintiffs’ Exception No. 18 to the extent that the underlying facts raise a fifth amendment taking claim, but disallowed the defense when the same facts are pled to support an Indian Claims Commission Act, Section 2, Clause 3 or 5 claim. Unlike the claim in Exception No. 18, the instant claim for interest cannot be asserted under clause 3 and 5 of section 2 of the Indian Claims Commission Act. Blackfeet and Gros Ventre Tribes v. United States, 127 Ct.Cl. at 819, 119 F.Supp. at 168. In United States v. Sioux Nation, 207 Ct.Cl. 234, 518 F.2d 1298 (1975), the court stated that—
*710 This appeal * * * raises essentially the question whether * * * the United States took the Sioux Nation’s property * * *, by the power of eminent domain, or by a course of unfair and dishonorable dealing not amounting to a constitutional taking. In the former case interest is awardable as a part of just compensation and that is the answer of the Commission. In the latter it is not, and that is ours. * * * Id. at 236-37, 518 F.2d at 1299.
Further on in its opinion the court stated that—
* * * [T]he Sioux are now restricted to moral claims under categories (3) and (5) of Sec. 70a [Indian Claims Commission Act], on which interest cannot be awarded as part of just compensation. * * *. Id. at 249, 518 F.2d at 1306.
Thus, it is plain to see that the claim raised by Exception No. 21 is barred because it is a claim for interest on just compensation, which is held barred by res judicata since it could have been raised and litigated in No. H-192. See discussion in order re Exception No. 18, Ct.Cl. No. 19 and 189-A, below. Further, the interest claim raised by the exception cannot be asserted under Indian Claims Commission Act. Section 2, Clause 3 and 5.
it is therefore ordered that defendant’s motion to dismiss plaintiffs’ Exception No. 21 is granted and Exception No. 21 is hereby dismissed.
Plaintiffs’ motion for rehearing and reconsideration was denied February 16,1982.